854 P.2d 773

**In the Matter of a Suspended Member of the State Bar of Arizona, Ralph Walter SOELTER, Respondent.**

No. SB–93–0019–D.
Comm. Nos. 90–2306, 91–0367 and 91–1248.

Supreme Court of Arizona.

June 17, 1993.

Margaret D. White, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, for State Bar of Arizona.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **RALPH WALTER SOELTER**, a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **RALPH WALTER SOELTER** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **RALPH WALTER SOELTER** shall be assessed the costs of these proceedings in the amount of $966.18.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. Nos. 90–2306, 91–0367, 91–1248

In the Matter of

Ralph Walter Soelter,

a Suspended Member of the

State Bar of Arizona,

Respondent.

DISCIPLINARY COMMISSION REPORT

[Filed Feb. 25, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on January 9, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

## Decision

By a unanimous vote of nine aye, the Commission adopts the recommendation of the Hearing Committee that Respondent be disbarred. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee, with the additional finding that Respondent violated Supreme Court Rule 51(h) and (i).

## Facts

The complaint contains four counts, all of which detail Respondent's abandonment of his practice in 1990. In one instance, Respondent represented a woman in divorce proceedings prior to abandoning her case. While those divorce proceedings were pending, Respondent also represented her husband against her in domestic violence charges she filed against him. Further, Respondent also represented the husband, at times, in the divorce proceedings.

The remainder of the counts describe Respondent's accepting representation of clients, performing little, if any, work for them, and finally abandoning their cases altogether.

Respondent has not participated in the disciplinary process. The State Bar attempted personal service of the complaint and discovered that Respondent no longer resides at his address of record. After unsuccessful attempts to locate Respondent, the complaint was served upon the clerk of the Supreme Court.[1] As he failed to respond, the complaint was deemed admitted.[2] Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. Respondent did not object, did not file a statement on review, and did not request oral argument before the Commission.

Because of the state of his practice, Respondent was placed on interim suspension on March 19, 1991, and the State Bar petitioned for and established a conservatorship over the client files existing at that time.

## Discussion of Decision

The Committee found that Respondent violated ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.7, ER 1.9, ER 1.15, ER 1.16, ER 3.2, ER 3.4, ER 8.1, ER 8.4. The Commission agrees.

The Commission also finds that Respondent violated Supreme Court Rule 51(h) and (i), as alleged in the complaint.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990).

In this instance, however, Respondent's misconduct is so egregious as to render a comparison to the Standards superfluous. Respondent accepted representation of numerous clients, then, without warning, stopped performing work for them. He simultaneously represented a wife and husband in divorce proceedings. He failed to respond to discovery requests. He failed to appear at a client's deposition. He forwarded a client checks that were returned due to insufficient funds. He failed to communicate with his clients, failing to return telephone calls and respond to letters. Virtually all of his clients suffered injury as a result. Respondent failed to respond to the State Bar's inquiries into these matters. Respondent's complete failure to participate in the disciplinary proceedings is another clear indication that he has abandoned his practice without notice to clients or the Bar.

Respondent's violations are so numerous that nearly every Standard addresses some aspect of his misconduct. All indicate disbarment is the only appropriate sanction. The Commission so recommends.

RESPECTFULLY SUBMITTED this 24th day of February, 1993.

---

1. Rule 55(b)(6)

2. Rule 53(c)(1)

/s/   Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission